UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STACEY UFFMAN BLANCHARD           CIVIL ACTION

VERSUS           NO. 08-778

BAYOU APPAREL, LLC, ET AL           SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss filed by Bayou Apparel, LLC ("Bayou"), Daniel McNamara ("McNamara") and Tony Bernard ("Bernard") and motion to stay filed by the plaintiff. Having considered the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff filed this complaint alleging copyright infringement, trademark infringement and unfair competition for the allegedly wrongful distribution and use of her design "Fleur de Tigre" on various items produced by the defendant Bayou. The Complaint states that Bayou is a Louisiana corporation with its principal place of business in Baton Rouge, McNamara is domiciled in Baton Rouge and Bernard is domiciled in Lafayette Parish. The defendants seek dismissal under Fed. R. Civ. P.

12(b)(3) for lack of venue under 28 U.S.C. §1391(b) because none of the defendants reside in this district and a substantial part of the alleged events giving rise to the claims did not occur in this district.[1]   They also argue that venue is improper because the Complaint fails to provide a basis that any defendant resides or may be found in this district under for purposes of 28 U.S.C. 1400(a).[2]

The plaintiff counters with much argument but little else.  She argues that venue is proper in this district because the defendants "engaged in activity which flooded the Eastern District with infringing items," while admitting that the plaintiff has no evidence of acts of infringement prior to the filing of suit. (Rec. Doc. 8, pp. 1-2).  The plaintiff argues for the "presumption" that infringing items were on sale in this district

---

[1]   Section 1391(b) provides:
A civil action wherein jurisdiction is not founded solely on diversity of jurisdiction may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

[2]   Section 1400(a) provides:
Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found

because some of the infringing items had also made reference to "BCS."[3]  The plaintiff maintains that "numerous items" were sold in this district, but provides only two unauthenticated pictures and an unauthenticated receipt for two items at a gift shop in Metairie that have the word "BAYOU APPAREL" visible on one item.  (Rec. Doc. 8, Exhs. A-C).  The plaintiff also argues that Bayou is a resident in this district because it may be the residence of the unknown "Julie Doe" defendant.[4]  She also argues that because items have been placed in the "stream of commerce," venue under Section 1300(a) is proper and, further that the defendants also sold infringing items directly to parties in this district despite her lack of proof.  Based on these same arguments, the plaintiff also filed her own motion to stay determination of the motion to dismiss in order to allow for discovery from the defendants.

The Court is without authority to pretermit dismissal based on the record before it.  Venue here is improper under § 1391 and §1400, and the plaintiff has viable venues elsewhere to present her claims.

Accordingly,

---

[3]  The Court notes that although the BCS game was held in New Orleans, it involved the team from Louisiana State University in Baton Rouge.

[4]  The Court does not understand the plaintiff's argument that if all defendants reside in the state, venue is proper in this district.

IT IS ORDERED that the motion to dismiss filed by Bayou Apparel, LLC, Daniel McNamara and Tony Bernard is GRANTED. (Rec. Doc. 5).

IT IS ORDERED that the plaintiff's motion to stay is DENIED. (Rec. Doc. 10).

New Orleans, Louisiana, this 15th day of May, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE